UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

      Plaintiff

vs             Case No. 22-cr-20630
            Hon. David M. Lawson

NOPPHADON NINSAWAT,

      Defendant/
_____

## DEFENDANT NINSAWAT'S MOTION TO DISMISS COUNTS OF INDICTMENT DUE TO MULTIPLICITY

Defendant NOPPHADON NINSAWAT, through counsel, Jonathan M. Epstein, respectfully moves this Honorable Court pursuant to the Double Jeopardy Clause to dismiss counts of the Indictment due to multiplicity, and in support, states:

1. Mr. Ninsawat was originally charged by Criminal Complaint with three counts of production, 18 USC 2251(a), receipt, 18 USC 2252A(a)(2) and transfer of child pornography, 18 USC 1470, from activities on June 4 through June 23, 2022. (Criminal Complaint)

2. Mr. Ninsawat was subsequently charged by Indictment with eight counts relative to the same time period with online coercion and enticement of a minor using a facility and means of interstate commerce. 18 U.S.C. §2422(b), et al.

3. The Double Jeopardy Clause of the Fifth Amendment provides no person can be convicted twice of the same offense. U.S. Const. Amdt. V.

4. That "Multiplicity is the charging of a single offense in several counts" in violation of the Double Jeopardy Clause. *United States v. Schaffer*, 715 F.2d 1099, 1102 (6th Cir 1983).

1

5. Per the Criminal Complaint, this matter involves a single three-week conversation through Instagram private messaging from June 4 to June 23, 2022.

6. The Indictment however parses the single continuous conversation into three criminal occurrences on June 8, 2022 (Counts I-III), June 9, 2022 (Counts IV-V) and June 20, 2022 (Counts VI-VIII).

7. Then the Indictment further parses these three occurrences into two to three separate criminal offences, being the inducement (sec. 2251(a)), the coercion (sec. 2422(b)) and the receipt (sec. 2252A).

8. That each of the charged offenses in the Indictment carry severe and draconian mandatory minimum sentences.

9. However, the Indictment does not allege separate and distinct acts of sexual exploitation, and to divide and parse this single episode into eight criminal offenses is multiplicitous in violation of Double Jeopardy.

10. By providing high mandatory minimum punishments, Congress could not have anticipated nor intended for each step of a single criminal occurrence (the inducement, the coercion and then the receipt) to be divided into separate criminal offenses and punishments.

11. This is analogous to dividing a bank robbery into Count I, entering with intent to rob, Count II, intimidation of bank teller, Count III, obtaining money not belonging to defendant and Count IV, leaving the bank with funds not belonging to defendant.

12. The Assistant United States Attorney does not concur in the relief requested.

WHEREFORE Mr. Ninsawat requests that this Court enter an Order to dismiss the multiplicitous counts in the Indictment.

Respectfully submitted,

Jonathan M. Epstein
Attorney for Defendant
30445 Northwestern Hwy,
Ste.225
Farmington Hills, MI 48334
Phone: 248-219-4004
jonathan@jonathanmepstein.com

Dated: January 20, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

                Plaintiff

vs                                              Case No. 22-cr-20630
                                              Hon. David M. Lawson

NOPPHADON NINSAWAT,

                Defendant/
_____

## MEMORANDUM IN SUPPORT OF
## DEFENDANT NINSAWAT'S MOTION TO
## DISMISS COUNTS OF INDICTMENT DUE TO MULTIPLICITY

### I.    STATEMENT OF FACTS

Mr. Ninsawat was originally charged by criminal complaint with three counts; production, 18 USC 2251(a), receipt, 18 USC 2252A(a)(2) and transfer of child pornography (CP), from June 4 through June 23, 2022. (Criminal Complaint)

Mr. Ninsawat was subsequently charged by Indictment with eight counts relative to the same time period with inducement of a minor, coercion and enticement of a minor, and receipt of CP, etc. However, per the Criminal Complaint, this matter involves a single episode of ongoing communications through Instagram private messaging from June 4 to June 23, 2022.

### II.    THE INDICTMENT IS MULTIPLICITOUS
### IN VIOLATION OF DOUBLE JEOPARDY

The division of a single ongoing episode of communications occurring in the same place Instagram, with the same minor victim, and within a time span of three weeks into eight separate criminal offenses and counts is multiplicitous and violates the Double Jeopardy Clause.

4

"Multiplicity is the charging of a single offense in several counts." *United States v. Schaffer*, 715 F.2d 1099, 1102 (6th Cir 1983). As a general rule, an indictment may not charge a single criminal offense in several counts without offending the rule against "multiplicity" and implicating the Double Jeopardy Clause. *United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995). This practice "has the vice that it may lead to multiple sentences for a single violation and even if that does not result, it may prejudice the jury against the defendant by creating the impression of more criminal activity on his part that in fact may have been present." *United States v. Carter*, 576 F.2d 1061,1064 (3rd Cir. 1978); Wright, sec. 142, at 311.

Where a defendant is charged with multiple violations of the same statute, whether multiple punishments are proper is determined by the "unit of prosecution" test. *Whalen v. United States*, 445 U.S. 684, 691-2 (1980); *Ladner v. United States*, 358 U.S. 169,177 (1958). The relevant inquiry is whether the conduct in question was intended by Congress to give rise to more than one offense under the same statutory provision. *United States v. Hebeka*, 25 F.3d 287, 290 (6th Cir. 1994).

In this case, the Government parses a single ongoing three-week episode/conversation into three criminal occurrences on June 8, 2022 (Counts I-III), June 9, 2022 (Counts IV-V) and June 20, 2022 (Counts VI-VIII). Then the Indictment further parses these three occurrences into two to three separate criminal offences, being the inducement (sec. 2251(a)), the coercion (sec. 2422(b)) and the receipt of CP (sec. 2252A).

It is noted that each of the charged offenses in the Indictment carry severe and draconian mandatory minimum sentences. However, the Indictment does not allege separate and distinct acts of sexual exploitation, and to divide and parse this single episode into eight criminal offenses is multiplicitous in violation of Double Jeopardy. Indeed, by providing for very high

mandatory minimum punishments, Congress could not have anticipated nor intended for each step of a single criminal occurrence (the inducement, the coercion and then the receipt) to be divided into separate criminal offenses and punishments. This is analogous to dividing a bank robbery into Count I, entering with intent to rob, Count II, intimidation of bank teller, Count III, obtaining money not belonging to defendant and Count IV, leaving the bank with funds not belonging to defendant.

Had Congress intended every act committed during a criminal episode to be punished multiple times under the statutes, Congress would have included language indicating as such. See e.g. *United States v. Rosenbarger*, 536 F.2d 715, 721 (6th Cir.1976) (finding that Congress did not intend multiple punishments under firearms statute because Congress would have written its intention into the statute if it so desired). Because Congress failed to clearly express its intention to allow multiple offenses based on a criminal episode, a single violation should be presumed. See *Ladner*, 358 U.S. at 177-78; *Bell*, 359 U.S. at 83-84.

In this case, as stated, the Indictment arises from a single continuous series of conversations (see transcript in Complaint), in the same places and within one time frame. Unlike other CP cases, the contacts are not separated by different and distinct episodes of inducement, coercion, and receipt, in different places, different platforms, etc. In addition, each count is essentially identically worded. Therefore, the Information is multiplicitous.

## III. CONCLUSION

For all of the reasons set forth herein, Defendant requests that this Honorable Court grant Defendant Ninsawat's Motion to Dismiss counts of the Indictment.

Respectfully submitted,

Jonathan M. Epstein
Attorney for Defendant
30445 Northwestern Hwy
Ste. 225
Farmington Hills, MI 48067

Dated: January 20, 2023