UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

            Plaintiff

vs
                                      Case No. 22-cr-20630
                                      Hon. David M. Lawson

NOPPHADON NINSAWAT,

_____ Defendant

## MOTION TO SUPPRESS
## EVIDENCE AND FOR FRANKS HEARING

      Defendant NOPPHADON NINSAWAT, through counsel, Jonathan M. Epstein, respectfully moves this Honorable Court pursuant to the Fourth Amendment, to suppress all evidence seized based on material misstatements in the Search Warrant Affidavit and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and in support, states:

      1.    Mr. Ninsawat is charged in an Indictment with eight counts relative to allegations of coercion, enticement and receipt of explicit photographs in the month of June 2022 between Mr. Ninsawat and MV-1 on the social media cite Instagram.

      2.    On June 29, 2022, Gibraltar Police were specifically advised "she [MV-1's mother] was only able to view videos on Instagram between her [MV-1] and suspect Ninsawat…but she was only able to view them once **and they disappeared**." (Emphasis added) (Gibraltar Police Synopsis, Bates 0050).

      3.    Gibraltar Police executed a search on MV-1's cellular phone and located a "large conversation between [MV-1] and suspect Ninsawat…" but consistent with MV-1's mother's account, **no images**, photos, videos or the like were found as images are consistently referred as "Disappearing Message." *Id.*

1

4. Gibraltar Police executed Search Warrants or issued Summonses on Ninsawat's Facebook/Meta/Instagram account, T. Mobile account, Google email account, Metro PCS account and other accounts but in response received no images, photos, or videos and "nothing of evidentiary value." *Id*.

5. On Instagram "You can send a disappearing photo or video either as a group or individual message using Instagram Direct. After someone opens a disappearing photo or video you've sent them, the message is no longer visible in their inbox unless you've allowed a replay of your message." See Instagram Features, Direct Messaging.

6. On August 8, 2022, the Gibraltar Police requested assistance and forwarded all investigative information, materials, warrants and documents to the Homeland Security Investigations (HSI) Agency, specifically to Agent David M. Alley.

7. On November 4, 2022, Agent Alley submitted an Application and Affidavit in Support to Magistrate-Judge Elizabeth A. Stafford seeking a search warrant for Mr. Ninsawat's home for all devices, cell phones, laptops, and/or computers for evidence or images of child pornography or illicit discussions.

8. However, Agent Alley made a material misrepresentation to Magistrate-Judge Stafford; HSI already possessed all illicit discussions and communications between MV-1 and Mr. Ninsawat.

9. Agent Alley made a second material misrepresentation; the parties were using Instagram IM (instant messaging) in "vanishing mode" such that all photos, images, videos or the like disappear as indicated by the notation "Disappearing Message."

10. Agent Alley thirdly misrepresents "I believe that Ninsawat retains electronic devices with images of MV-1 and other evidence…including likely communications with other

2

minors." (there was no evidence of other minors) (Search Warrant Application, para. 39 at bates 0392).

11. Agent Alley knew, or should have known, given his wealth of training and experience, the parties on Instagram were using "vanishing mode" such that images "disappear" immediately upon viewing (Gibraltar Police Reports, statement of MV-1's mother, forensic interview of MV-1 and Facebook/Instagram SW Return).

12. Affiant refers the Magistrate-Judge to "disappearing messages" which is misleading in that messages are preserved but **images** disappear (SWA, para. 4) and the officer states he is "seeking a warrant to obtain Ninsawat's electronic devices for evidence of these communications **and images**..." *Id.* at para. 4

13. In the SW Affidavit section entitled "Instagram", Affiant falsely advised that Instagram allows users to "share photos with others" while failing to advise the Magistrate-Judge that technologically images no longer exist in "vanishing mode" (paras. 9-14).

14. In the "Probable Cause" section, Agent Alley provides transcripts of conversations which state "Disappearing Message" but neglects to inform the Magistrate-Judge this refers to images not messages.

15. Agent Alley further neglects to advise the Magistrate-Judge that MV-1's cellular phones were forensically examined and searched as was Ninsawat's Instagram account and that the entire communications were already in the possession of Gibraltar Police and HSI.

16. That on November 9, 2022, nothing of evidentiary value was found at the subject premises as HSI Agent Alley, with all his "training and experience," knew or should have known no images existed.

3

17.    As a result, the Search Warrant Affidavit contained false and misleading statements and omitted important investigative information.

18.    Where a Defendant can establish an affiant's materially false statement or reckless disregard of the truth, by a preponderance of the evidence, the warrant must be "voided" and the evidence excluded. *Franks v. Delaware*, 438 U.S. 154, 156 (1978).

WHEREFORE, Defendant NOPPHADON NINSAWAT prays this Honorable Court hold a "*Franks* Hearing" as to the deceptive Search Warrant Affidavit and suppress all evidence seized on November 9, 2022, and all fruits of the execution of the search warrant.

Respectfully submitted:

/s/ Jonathan M. Epstein
Jonathan M. Epstein
Attorney for Defendant Ninsawat
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
(248) 219-4004

Dated: January 20, 2023

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

              Plaintiff

vs                                       Case No. 22-cr-20630
                                          Hon. David M. Lawson

NOPPHADON NINSAWAT,

              Defendant
_____

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE AND FOR FRANKS HEARING

The Fourth Amendment states "[t]he right of the people to be secure in their persons, **houses, papers,** and effects, against unreasonable searches and seizures," and provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation…" U.S. Const. Amend. IV. (emphasis added).

A search warrant affidavit must provide "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); see also *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978). That there is a "substantial basis" evidence will be found in a particular place. *Gates*, supra at 238. Thus, "when the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a truthful showing . . . in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks v. Delaware*, 438 U.S. 154, 164-65 (1978).

"It is established law…that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." *Id.* at 165. "Because it is the magistrate who must determine independently whether there is probable cause…it would be an unthinkable imposition

5

upon his [or her] authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment." *Id.* Thus, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Id. at 155-56 (emphasis added).

Ninsawat recognizes that "allegations of negligence or innocent mistake are insufficient" and that "allegations of deliberate falsehood or of reckless disregard for the truth …must be accompanied by an offer of proof" *Id.* at 171; *United States v. Thomas*, 852 Fed. Appx. 189 (6th Cir. April 20, 2021). At a Franks hearing, where the defendant establishes the affiant's materially false statement(s) or reckless disregard of the truth by a preponderance of the evidence, the warrant "'must be voided' and evidence or testimony gathered pursuant to it must be excluded." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 2016) (quoting *Franks*, 438 U.S. at 156).

A warrant held invalid under these circumstances "is not subject to the good-faith exception to the exclusionary rule pursuant to *United States v. Leon*, 468 U.S. 897, 923 (1984)." *Id.* That is because when an officer secures a warrant based on information known to be false, or in reckless disregard of the truthfulness or falsity of the information presented to demonstrate probable cause, he or she has by definition not acted in good faith. And such a person obviously cannot in good faith rely on the magistrate's issuance of the warrant as an independent judicial finding of probable cause.

6

In this case, HSI Agent David M. Alley submitted a Warrant Affidavit "with reckless disregard for the truth" by omitting or failing to advise Magistrate-Judge Stafford that the images associated with the investigation **no longer exist.** That the parties were instant messaging (IM) in Instagram "vanishing mode." On Instagram "You can send a disappearing photo or video either as a group or individual message using Instagram Direct. After someone opens a disappearing photo or video you've sent them, the message is no longer visible in their inbox unless you've allowed a replay of your message. *See* Instagram Features, Direct Messaging. As Agent Alley exhaustively outlines his wealth of experience in the Warrant Affidavit, this was known or should have been known to Agent Alley.

Indeed, it was a materially false statement that such images would be found in the home. Agent Alley knew, or should have known, that images no longer existed and thus there was not a "substantial basis" images were located in the target premises. *Gates, supra.* In fact, quite the opposite was true and known to investigators who could not locate a single image. Gibraltar Police were so advised and then advised by referral to HSI[1]. A five-month investigation by Gibraltar Police and HSI, including interviews with MV-1 and her mother, forensic examinations of MV-1's cell phones, search warrants and returns from Facebook/Instagram on Ninsawat's account, the complete transcription of communications and other evidence showed conclusively images and photographs do not exist.

Yet, the Magistrate-Judge was not advised of this fact. Knowing that no images remained or existed, it was a serious misrepresentation and material omission for Agent Alley to represent to the Magistrate-Judge that such images would be found at the subject home. Further, a transcript of the entire three-week discussion between MV-1 and Ninsawat in June 2022 were

7

already in the possession of the Gibraltar Police and HSI (the entire transcript of the conversation as extracted from MV-1's two cell phones and Instagram was provided in the SWA). Thus, there was no reason to execute a search warrant to seize "evidence" the Gibraltar Police and HSI already possessed. Here, perhaps there were "too many cooks" or "the left hand didn't know what the right hand was doing." However, this is no excuse, just incompetence and a reckless disregard for the truth.

Mr. Ninsawat, through Counsel, submits he has made "a substantial preliminary showing that a false statement knowingly and intentionally, **or with reckless disregard for the truth,** was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (Emphasis added). *Franks, supra.*

WHEREFORE, pursuant to *Franks v. Delaware, supra.*, a substantial preliminary showing is made that false statements, material omissions or made with reckless disregard for the truth, were included in the Search Warrant Affidavit, and requests this Honorable Court hold a hearing to determine whether adding or deleting investigative information, the warrant provides probable cause to have searched Defendant's home.

Respectfully submitted,

Jonathan M. Epstein
Attorney for Defendant Ninsawat
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
jonathan@jonathanmepstein.com
(248) 219-4004
Dated: January 20, 2023

---

[1] A hallmark of Snapchat, and now Instagram, is photos are automatically deleted after they are viewed. *United States v. Confer*, 2022 WL 957101 (11th Cir. 3/20/22); citing *United States v. Kushmaul*, 984 F.3d 1359, n.3 (11th Cir. 2021).

8