UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

            Plaintiff

vs                                       Case No. 22-cr-20630
                                      Hon. David M. Lawson

NOPPHADON NINSAWAT,

_____ Defendant

### DEFENDANT'S MOTION
### FOR RETURN OF PROPERTY

Defendant NOPPHADON NINSAWAT, through counsel, Jonathan M. Epstein, respectfully moves this Honorable Court pursuant to the Fifth Amendment's Taking Claause, for return of digital, electronic and other property seized November 9, 2022 from his home, and in support, states:

1. On November 22, 2022, Mr. Ninsawat was charged in an Indictment with eight counts relative to the sexual exploitation of a minor.

2. On November 9, 2022, agents of Homeland Security Investigations (HSI) executed a search warrant at Defendant's home and seized personal computers, laptops, cellular phones, thumb drives and other digital and electronic devices and items.

3. On information and belief, from review of discovery materials and discussions with the Assistant U.S. Attorney, HSI has concluded the seized items have "no evidentiary value."

4. That digital items belonging to Mr. Ninsawat contain important and personal information relative to his life, business, employment, passwords, emails, important personal and medical documents, writings, etc.

1

5. That Mr. Ninsawat's mother, Ms. Jeerenan Sturdy, owner of Jee's Thai Food restaurant, Wyandotte and restaurateur has likewise had all her digital devices taken containing a wealth of important business, personal, medical and other information.

6. Counsel has several times requested return of these items from the Assistant U.S. Attorney with little to no substantive response.

7. That HSI has begun forfeiture proceedings on these important and personal items serving forfeiture documents on the individuals.

8. That the Government may not seize a family's wealth of papers and library without proper purpose or compensation. U.S. Const. Amdt. V, Taking Clause.

9. That Mr. Ninsawat and Ms. Sturdy are entitled to return of their personal and invaluable property, writings, documents, information and other materials and items that have no evidentiary value.

10. That time is of the essence, as forfeiture documents have been served, yet the Assistant U.S. Attorney does not currently agree with the request for relief.

WHEREFORE, Defendant NOPPHADON NINSAWAT prays this Honorable Court enter an Order for Return of Property.

Respectfully submitted:

Jonathan M. Epstein
Attorney for Defendant Ninsawat
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
(248) 219-4004

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR RETURN OF PROPERTY

On November 9, 2022, Agents of Homeland Security Investigations (HIS) executed a search warrant on Defendant's Southgate home and seized personal computers, laptops, cellular phones, thumb drives and other digital and electronic devices and items. On information and belief, discussions with the Assistant U.S. Attorney and from review of discovery materials, HSI has concluded the seized items have "no evidentiary value." Nevertheless, they are seeking Forfeiture proceedings to take these valuable and personal items without just reason or authority.

That digital items belonging to Mr. Ninsawat contain a wealth of important, valuable and personal information relative to his life, business, employment, passwords, emails, important documents, writings, etc. Likewise, Ms. Jeerenan Sturdy, owner of Jee's Thai Food restaurant, Wyandotte and respected restaurateur, has likewise had all her digital devices and information taken containing a wealth of important business, medical and personal information.

That Counsel has several times requested return of these items from the Assistant U.S. Attorney with no substantive response. That HSI has begun forfeiture proceedings on these important and personal items serving forfeiture documents on the individuals. That the Government may not seize a family's wealth of papers and library without a proper purpose or compensation. *Armstrong v. United States*, 364 U.S. 40 (1960); U.S. Const. Amdt. I and V.

That Mr. Ninsawat and Ms. Sturdy are entitled to return of their invaluable personal writings, documents, papers, information, medical records, and property that have no evidentiary value.

3

WHEREFORE, Defendant NOPPHADON NINSAWAT prays this Honorable Court enter an Order for Return of Property.

                                                  Respectfully submitted,

                                                  Jonathan M. Epstein
                                                  Attorney for Defendant Ninsawat
                                                  30445 Northwestern Hwy, Suite 225
                                                  Farmington Hills, MI 48334
                                                  jonathan@jonathanmepstein.com
                                                  (248) 219-4004

Dated: January 20, 2023