UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Nopphadon Ninsawat,

    Defendant.

Case No. 22-cr-20630

Hon. David M. Lawson
United States District Judge

**THE UNITED STATES OF AMERICA'S RESPONSE
TO DEFENDANT'S SUPPLEMENTAL BRIEF**

Ninsawat contends that he was being "prudent and safe" when causing a 15-year-old girl to create sexually explicit images of herself and send them to him over Instagram because they would supposedly disappear once he viewed them. He likewise claims that the caselaw supports the dismissal of the charges against him for those acts. Both of those contentions are wildly incorrect. Ninsawat cobbles together three cases---none of which involve child pornography—to persuade this Court to render federal law unenforceable to any situation where a child pornographer utilizes a system involving disappearing messages. Those

cases, however, should not lead the Court to that conclusion. The Court should deny his motion.

## I.     The Fallacy of the Disappearing Message

Ninsawat's argument rests in large part upon false assumptions about the nature of "disappearing" messages. Countless minors (and adults) have sent images through Snapchat or other services falsely at ease about allegedly "disappearing" messages, only to later find out such images have been the subject of wide distribution to others. The categorization of these images as disappearing messages ignores that anyone can easily retain such images. An individual could screenshot them or save them in some other form. A simple web search demonstrates that there are numerous ways in which an individual can save the disappearing messages sent to them on Instagram, even without notifying the person sending the message. *See* https://www.digitbin.com/take-screenshot-of-instagram-chat-without-notifying/. It is as simple as using a screen recorder application or putting the phone in airplane mode after receiving the message. Or, in a more low-tech manner, an individual can just use another phone or camera to record the screen playing the video or displaying the image. Ninsawat

himself screenshotted some of MV-1's earlier images without her permission and sent them back to her. (R. 46, Pg.ID 242). It is unknown whether Ninsawat saved or recorded these images for some time, as we only know that he deleted any conversations or recordings he had with MV-1. Ninsawat's argument that these images were never retained rests upon believing his statements, which are self-serving in this regard.

Therefore, the fundamental factual underpinning of Ninsawat's argument is flawed. The nature of these messages does not make them immune to saving and there is no certainty that Ninsawat himself did not save these messages for some time.

## II. Disappearing Messages are Still Subject to Prosecution

Even if Ninsawat never retained those images, there is no reason that his acts are somehow immune from federal prosecution.

### A. Ninsawat's violated the plain language of the statute and dismissing his charges would have wide ramifications

Ninsawat's actions clearly fit under the statutory definition of sexual exploitation of children since he requested images that were produced or would have been produced using a phone manufactured outside the state of Michigan, transported using a facility of interstate commerce, and travelled in interstate commerce. 18 U.S.C. § 2251(a).

Ninsawat requested that MV-1 send him sexually explicit images using Instagram, which utilizes the Internet, a facility of interstate commerce. The message he sent to MV-1 and the image she sent him in return travelled in interstate commerce. Those are the only requirements for a violation of the statute.

Second, Ninsawat's argument that he did not retain these images would allow any child pornographer who received and immediately deleted an image of child pornography to escape responsibility, which was certainly not Congress's intent. Ninsawat's argument is akin to those individuals who have claimed, unsuccessfully, that their lack of intent to distribute the images they possessed or produced shields them from prosecution. *See United States v. Romero,* No. EP-15-CR-00497-FM, 2015 WL 13694648, at *7 (W.D. Tex. July 2, 2015), aff'd, 705 F. App'x 319 (5th Cir. 2017) (Court finds it irrelevant that defendant did not desire to distribute child pornography because 18 U.S.C. § 2251 "was designed to eviscerate the supply of sexually explicit content of minors and thereby regulate the market of child pornography.").

### B. Congress made live visual depictions unlawful, which likewise are not retained.

18 U.S.C. § 2251 makes it unlawful to use a minor to create a visual depiction of transmit a live visual depiction of sexually explicit conduct.[1] That Congress intended the statute to reach those who created live visual depictions, which are inherently fleeting in existence, but did not intend to include disappearing messages makes no sense. That is because Congress intended to destroy the market for child exploitation materials in every form.

### III. No Court has Found 18 U.S.C. § 2251 Unconstitutional

The Court asks the Court to do something that no court appears to have done without being overturned, which is to find 18 U.S.C. § 2251 unconstitutional. The cases relied upon by Ninsawat for this Court to make such a dramatic and bold ruling do not support this action.

*United States v. Bond*, 572 U.S. 844, 852 (2014) involved the use of the power to implement a valid treaty to enforce a criminal law that involved the use of substances to cause a harm limited to a slight burn

---

[1] In the context of the sentencing guidelines, the Court has recently determined that a visual depiction can include a Facetime call or other live-streaming and that the saving of an image is irrelevant for it to fulfill the guideline. *United States v. Gould*, 30 F.4th 538, 544 (6th Cir. 2022)

on the thumb treated through rinsing water. At the district court level, the government disavowed the commerce clause as a basis for the statute. Therefore, a commerce clause argument based upon *Bond* is misplaced. The Sixth Circuit immediately limited *Bond* even its own context by upholding a conviction under the statute in an offense involving ricin. *United States v. Levenderis*, 806 F.3d 390, 399 (6th Cir. 2015). No court since *Bond* in the Sixth Circuit or elsewhere has invalidated any child pornography statute on an as applied or facial challenge. As the Fifth Circuit has noted, "[U]nlike the chemical weapons statute in Bond, there is every indication that Congress intended to exercise all of its power to regulate child pornography, including punishing purely local conduct so long as the minimal jurisdictional hook is satisfied." *United States v. Looney*, 606 F. App'x 744, 747 (5th Cir. 2015); *see also United States v. Laursen*, 847 F.3d 1026, 1035 (9th Cir. 2017) (Rejecting 10th Amendment and commerce clause challenge to child pornography statutes based on *Bond*).

Ninsawat's reliance on *United States v. Nagarwala*, 350 F. Supp. 3d 613 (E.D. Mich. 2018) fares no better. *Nagarwala* specifically differentiated the offense that it ruled unconstitutional from child

pornography offenses. *Id.* at 627-628. This---like *Bond*---involved a factually specific circumstance and a completely different statute.

Finally, *United States v. Rife*, 33 F.4th 838, 844 (6th Cir.), cert. denied, 214 L. Ed. 2d 172, 143 S. Ct. 356 (2022), also offers no support for the contention. *Rife* involved an individual who committed several sexual assaults on children after several years of living abroad. The Court in *Rife* affirmed the defendant's conviction but the decision contained lengthy *dicta* related to the foreign commerce clause. None of that is relevant here. There is no path from the decision in *Rife* to dismiss the charges against Ninsawat.

All of this leads this Court back to *United States v. Bowers*, 594 F.3d 522, 527 (6th Cir. 2010), where the Sixth Circuit upheld the constitutionality of child pornography statutes as applied for wholly intrastate activity. It remains good law and forecloses Ninsawat's claims.

## IV. Conclusion

Ninsawat was not acting prudently when obtained sexually explicit images from a child and his actions violated federal law. The Court should deny his motion.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Christopher W. Rawsthorne*
Christopher W. Rawsthorne
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9160
Christopher.Rawsthorne@usdoj.gov

Dated: May 4, 2023

## CERTIFICATE OF SERVICE

I certify that on May 4, 2023, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification to all users of record via electronic mail.

*s/Christopher W. Rawsthorne*
Christopher W. Rawsthorne
Assistant United States Attorney
