UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

              Plaintiff

vs                                     Case No. 22-cr-20630
                                          Hon. David M. Lawson

NOPPHADON NINSAWAT,

              Defendant/
_____

## MOTION TO WITHDRAW AS COUNSEL

Counsel for Defendant NOPPHADON NINSAWAT, Jonathan M. Epstein, respectfully moves this Honorable Court pursuant to Local Rule 83.25 to allow withdrawal of counsel, and in support, states:

1. Mr. Ninsawat is charged by Indictment with eight counts of online coercion and enticement of a minor, 18 U.S.C. §2422(b), receipt of child pornography, 18 U.S.C. §2252(a)(2), and related offenses (Indictment).

2. Counsel was retained on or about November 15, 2022, with other retained co-counsel, whom have had numerous communications and meetings with Defendant.

3. Counsel has engaged in ongoing plea discussions and negotiations with the Government and on July 12, 2023, forwarded a mitigation summary to the Assistant U.S. Attorney.

1

4. On August 14, 2023, counsel and co-counsel met with the U.S. Attorney and other Government counsel regarding the mitigation request and subsequently forwarded additional mitigation.

5. On October 5, 2023, the Assistant U.S. Attorney responded via email with a specific written outline of a mitigated plea offer.

6. On October 5 and 6, 2023, Counsel attempted to communicate the plea offer to Defendant in the usual manner yet received no response.

7. On October 7, 2023, Counsel sent a letter to Defendant detailing the parameters of the plea offer yet again; no response was received.

8. Counsel attempted to schedule an in-person meeting with Defendant and co-counsel to which Defendant failed to respond.

9. From October 8, 2023, through this date, counsel and co-counsel attempted to contact Defendant through usual means including text message and have continued to receive no response.

10. As Defendant has been unresponsive, there is a complete breakdown of the attorney-client relationship such that counsel cannot be "effective" as required by the Sixth Amendment.

11. If relief is granted, this Honorable Court may re-appoint the Federal Community Defender.

12. The Assistant United States Attorney takes no position on the request for relief.

WHEREFORE, counsel for the Defendant requests this Court enter an Order allowing for withdrawal of counsel and appointment of the Federal Community Defender.

                              Respectfully submitted,

                              Jonathan M. Epstein, attorney for Defendant
                              30445 Northwestern Hwy, Ste.225
                              Farmington Hills, MI 48334
                              Phone: 248-219-4004
                              jonathan@jonathanmepstein.com

Dated: October 13, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES of AMERICA,

              Plaintiff

vs                                   Case No. 22-cr-20630
                                         Hon. David M. Lawson

NOPPHADON NINSAWAT,

                           Defendant/
_____/

## MEMORANDUM IN SUPPORT OF
## COUNSEL'S MOTION TO WITHDRAW

This is Counsel's motion, not Defendant's. Counsel references and incorporates the attached motion as the statement of facts in support and can provide additional information to the Court.

Rule 83.25 of the Local Rules of the United States District Court for the Eastern District of Michigan provide "[a]n attorney may withdraw… only on order of the Court."

A criminal defendant may require new counsel only when there is good cause shown. *United States v. Hudson*, 2023 WL 1463701 (6th Cir. 2023). Good cause exists when there is a "fundamental problem," such as "a conflict of interest, **a complete breakdown in communication** or an irreconcilable conflict…" *Id.* (emphasis added; citations omitted). The good cause rule "protects the right to effective assistance of

4

counsel; if good cause exists, a defendant no longer has effective representation." *Id.*; U.S. Const. Amdt. VI.

In this case, Counsel brings this motion based on a complete cessation of communication by Defendant. While the matter is close to trial, which factors against new counsel, a final **mitigated** plea offer in this statutory **mandatory minimum** case, has only recently been made. This is a crucial juncture for Defendant as this offer may be withdrawn andor not repeated. Defendant is entitled to review and discuss the offer with counsel, receive advice and ask questions. Counsel therefore moves to appoint new counsel as Defendant is essentially without counsel. As stated, a complete breakdown of communication is good cause to warrant a substitution and comports with the Sixth Amendment right to effective counsel. *Id.*

For all the reasons set forth, Defendant requests that this Honorable Court grant the motion and appoint new counsel who may review the Indictment and plea offer with Defendant.

Respectfully submitted,

/s/ Jonathan M. Epstein
Jonathan M. Epstein for Defendant
30445 Northwestern Hwy, Ste.225
Farmington Hills, MI 48334
Phone: 248-219-4004
jonathan@jonathanmepstein.com

Dated: October 13, 2023