UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                              Criminal No. 22-cr-20630

v.                                           Hon. David M. Lawson

Nopphadon Ninsawat,

      Defendant.
_____/

## UNITED STATES' SENTENCING MEMORANDUM

*"And you don't even wanna send me pictures anymore ☹"*

        *"Because i don't feel comfortable and it's basically… Cp"*

    A mother warned Nopphadon Ninsawat, a man in his 30's, to stop communicating with her 15-year-old daughter. Ninsawat failed to heed this warning and engaged in a pattern of sexual exploitation of a vulnerable 15-year-old, plying her with promises of a relationship and requesting sexually explicit images, which many times he received. A jury found Ninsawat guilty of multiple child exploitation offenses. Ninsawat has failed to take any ownership of his actions and repeatedly blames the victim for conduct that he committed. The sentencing guidelines recognize the severity of Ninsawat's conduct; his advisory

1

sentencing guideline range is life. The United States requests that the Court sentence Ninsawat to 20 years in prison.

I.  **Facts and Procedural History**

The Court is well-aware of the facts of this case, having presided over multiple motion hearings and the jury trial.

In late May 2022, Ninsawat and MV-1 met on Snapchat. They began interacting and eventually began exchanging sexually explicit images and conversations. At the time, Ninsawat was approximately 31 years old, and MV-1 was 15 years old. MV-1 disclosed details about her life that would indicate her general age but did not tell Ninsawat she was a minor. Ninsawat told MV-1 that he was 23 years old. MV-1's mother discovered their chats while looking through her phone. She was able to look up Ninsawat's age and told him in very strong terms that her daughter was 15 and that he should no longer have contact with her.

After that, MV-1 found an old phone and used Wi-Fi to connect it to the Internet. She testified at trial that she followed Ninsawat's Instagram account because she felt like she had been lied to. Ninsawat realized that his new follower was MV-1 and added her as a "close

friend" on Instagram. He then baited MV-1 by posting an Instagram story viewable only to "close friends" that stated that he was going to re-name his cat to MV-1's name. MV-1 then sent him a message and they again began direct communication.

In their initial communications over Instagram, MV-1 expressed her disappointment that Ninsawat had lied about his age and discussed her mother's communication with Ninsawat. She likewise expressed a reluctance to provide further sexually explicit images to Ninsawat, literally telling him "I dont want to send those explicit photographs anymore." (Ex. 9.5). She separately told him she did not feel comfortable because such images were "basically CP." (Ex. 9.29). Ninsawat continued to request sexually explicit images, engage in sexual conversations with MV-1, and assure her of his interest in a long-term relationship.

After these assurances and over the next two weeks, Ninsawat and MV-1 exchanged sexually explicit images, with Ninsawat requesting and often receiving sexually explicit images of MV-1. Ninsawat requested sexually explicit images of MV-1 on over 50 occasions, though MV-1 did not comply with every request. The images

3

were sent using an Instagram feature called "vanish mode," so they were not recovered.

In late June 2022, MV-1's mother found the other phone and found the new communications between MV-1 and Ninsawat and notified the Southgate Police Department. Southgate Police brought the Department of Homeland Security into the investigation, and they executed a search warrant on November 9, 2022.

Ninsawat spoke to law enforcement officers and admitted to knowing MV-1's age, asking for sexually explicit photographs of her, and receiving sexually explicit photographs of MV-1.

On November 10, 2022, a criminal complaint was filed charging Ninsawat with committing child exploitation offenses. A grand jury returned an eight-count indictment on November 22, 2022, charging Ninsawat with Sexual Exploitation of Children (Counts 1 and 6), in violation of 18 U.S.C. § 2251(a), Coercion and Enticement of a Minor (Counts 2 and 7), in violation of 18 U.S.C. § 2422(b), Receipt of Child Pornography (Counts 3 and 8), in violation of 18 U.S.C. § 2252A(a)(2), and Attempted Coercion and Enticement of a Minor (Counts 4 and 5), in violation of 18 U.S.C. § 2422 (b). PSR ¶ 4.

On November 21, 2023, Ninsawat proceeded to jury trial on those charges. Following testimony from MV-1, MV-1's mother, law enforcement officers, and a representative of Meta, the jury found Ninsawat guilty of all eight charges.

## II.     Section 3553(a) factors warrant a 20-year sentence.

Congress provided in 18 U.S.C. § 3553(a) the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The most relevant factors to Ninsawat's case are discussed below. An analysis of these factors dictates a sentence of 20 years of imprisonment.

## A. The Sentencing Guidelines Range

The United States Probation Department calculated Ninsawat's criminal history category to be I and total offense level to be 43 resulting in a sentencing guideline range of life imprisonment. PSR ¶ 111. The United States concurs with the calculation completed by the Probation Department.

## B. Nature and circumstances of the offense and history and characteristics of Ninsawat, 18 U.S.C. § 3553(a)(1)

Ninsawat's offenses mandate a sentence that reflects the traumatic nature of his crimes. Ninsawat sexually exploited MV-1 over a period time by grooming MV-1 to engage in sexually explicit conversation to get what he wanted – sexually explicit photographs. At one point she told him that she did not want a sexual conversation, that she just wanted "someone to talk to" and just wanted "a hug." (Ex. 9.17). He used the deeply personal knowledge that he had gained about MV-1 and her life to manipulate MV-1 into sending him these images. Ninsawat knew of MV-1's struggles. He knew that she had few friends. Ninsawat appeared to believe that she needed to be "rescued" from her mother. He seized the opportunity to exploit these perceived vulnerabilities. Ninsawat used MV-1. He took a vulnerable teenager

and offered false security, attention, and affection so he could get sexually explicit images.

Ninsawat's offenses will have a lasting impact on MV-1. MV-1 will have to navigate the world and adult life carrying the baggage that Ninsawat put upon her, and it will undoubtedly impact MV-1's interpersonal relationships for the rest of her life. MV-1 will go on to become far more than what Ninsawat did to her, but she will bear the emotional scars of his actions forever.

Despite being convicted of child exploitation offenses by a jury, Ninsawat has also demonstrated a lack of remorse for his actions and a complete inability to accept personal responsibility for his wrongdoing. At all times, including in his sentencing memorandum, Ninsawat has continued to offer that the minor victim is at fault for his conduct. He has repeatedly and continuously misstated facts adduced at trial to try to fit the false narrative that he, a then-31-year-old man, is the victim of this 15-year-old's crime. Ninsawat repeatedly accuses of MV-1 of "catfishing" him. But Ninsawat was the one who affirmatively lied about his age and pursued MV-1. What happened on Snapchat, however, is largely irrelevant because Ninsawat had an opportunity to

7

end communication with MV-1 when he learned that she was a 15-year-old child. Instead of making that choice, Ninsawat baited MV-1 into resuming contact with him and then immediately proceeded to ask for sexually explicit images (even though he had already created 48 sexually explicit images of MV-1).

Ninsawat did not care that the pictures were unlawful, even when the victim explicitly pointed it out to him:



(Ex. 9.29).

Again, willfully blind to the facts presented to the jury through the chats between MV-1 and Ninsawat, Ninsawat repeatedly asserts that MV-1 pursued him. But MV-1 initially refused to send explicit photographs and repeatedly tried to tell Ninsawat that she did not want to do anything sexual. In their conversations, MV-1 tried to turn their conversations to normal topics and learn about Ninsawat's life. It was Ninsawat, an adult man, who groomed a 15-year-old MV-1 to engage in sexually explicit conversation with him by repeatedly bringing up

8

sexual topics and requesting explicit images.



(Ex. 9.8)

Ninsawat made a deliberate choice to continue to ask, entice, and persuade MV-1 to send pictures of her genitals. He would lure her to do so in any way he could think of:



(Ex. 101). It was only when MV-1 believed that Ninsawat was upset with her that she began again to send the explicit photos he had repeatedly requested. Her actions were a result of Ninsawat's grooming. Though MV-1 began sending explicit images over Instagram, Ninsawat was never satisfied and constantly asked for more, no matter MV-1's personal situation at the time of the request.

Ninsawat falsely states in his brief that he never tried to meet

9

MV-1. But he drove by her house and offered to arrange a secret meeting so that he could see her; MV-1 declined. On other occasions, they discussed plans to meet up that were not contingent on her turning 16. Despite Ninsawat's assertions to the contrary, Ninsawat pursued and preyed on a vulnerable 15-year-old. Accordingly, Ninsawat's history and characteristics and the nature and circumstances of his offense weigh in favor of a 20-year sentence.

### C. Seriousness of the Offense, Adequate Deterrence, and Protecting the Public, 18 U.S.C. § 3553(a)(2)(B) and (C)

The enticement and sexual exploitation of a child is one of the most serious offenses recognized under the law. Ninsawat committed this most serious of offenses numerous times with MV-1, and in the face of his knowledge of her age, undeterred by her mother and being told that MV-1 did not want to send anymore images. His sentence for this offense should reflect the seriousness of his crimes and the only effective way to do that is for this Court to impose a significant custodial sentence.

Ninsawat repeatedly attempts to focus on the behavior of MV-1 to avoid culpability. As when he committed the offenses, his actions disregard the commands of the law, which focus on his behavior, not the

victim's. The law makes no distinction as to what type of a minor a predator need exploit to make the exploitation unlawful. Even now, Ninsawat persists in the notion that MV-1 had complete agency over the entirety of the interaction, when in reality, she could not legally consent to the actions an adult man groomed her to take.

Ninsawat has also demonstrated that the public needs to be protected from him through his actions on bond, after conviction at trial. Ninsawat engaged in inappropriate behavior toward a 17-year-old stranger. Ninsawat took advantage of the naiveite of this teenager to ask her for a ride home from the gym and then propositioned her for sex, even after finding out that she was still in high school. This shows Ninsawat's incomprehensibly poor judgment and disrespect for law. The family reported this behavior to police not even knowing of Ninsawat's status as a federal defendant. His behavior is enormously concerning and demonstrates that the mandatory minimum does not suffice as a sufficient sentence.

Relatedly, the above considerations impact another § 3553(a) factor – the need to deter such conduct in the future. Sentencing in the federal system has long contemplated the ability to provide both specific

and general deterrence. *United States v. Phinazee*, 515 F.3d 511 (6th Cir. 2008); *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006). Deterrence is particularly important when dealing with online enticement offenses because these crimes occur in private, making them easy to commit and difficult to detect, resulting in victims being repeatedly exploited. A significant sentence is necessary so that Ninsawat and others will understand the consequences of child exploitation offenses, and deter him and others from engaging in this conduct in the future. This reasoning applies no matter the age or background of the child.

A 20-year sentence would reflect the seriousness of this offense, provide just punishment, and protect the public from Ninsawat's future crimes.

### D. Kinds of sentences available and the need to avoid unwarranted sentencing disparities.

A significant sentence is necessary to avoid unwarranted sentencing disparities. A sentence of 240 months – below the guideline range – is presumed reasonable. For the 746 defendants sentenced with the primary guideline of U.S.S.G. § 2G2.1, an offense level of 43 and a criminal history I sentenced in the last five years, the median length of

12

imprisonment imposed was 360 months and average length of imprisonment was 347 months. PSR ¶ 135. These sentences acknowledge the serious nature of exploitation crimes. A 20-year sentence here would be reasonable and in line with other custodial sentences imposed in these cases.

## III. Conclusion

Nopphadon Ninsawat preyed on a vulnerable child when he could have easily just stopped talking to her. The factors set forth in § 3553(a) support a 20-year sentence. For this and the above-stated reasons, the United States asks the Court to sentence Ninsawat to 20 years imprisonment, as such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing.

                                        Respectfully Submitted,

                                        DAWN N. ISON
                                        United States Attorney

                                        *s/Tara Mathena Hindelang*
                                        TARA MATHENA HINDELANG
                                        CHRISTOPHER RAWSTHORNE
                                        Assistant United States Attorneys
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI  48226
                                        (313) 226-9543
                                        tara.hindelang@usdoj.gov

Dated:  March 8, 2024

## Certificate of Service

I certify that on March 8, 2024, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification to all counsel of record via email.

*s/Tara Mathena Hindelang*
TARA MATHENA HINDELANG
Assistant United States Attorney
